No. 26,666.

ELLA REYNOLDS, Administratrix, etc., *Appellee,* v. A. R. STIMSON and THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Appellants.*

SYLLABUS BY THE COURT.

1. BUILDINGS AND CONSTRUCTION CONTRACTS—*Action for Compensation—Evidence—Engineer's Estimates.* Under the circumstances disclosed in the opinion, it was not error to admit the engineer's estimates showing the amount of work that had been completed at different dates on the construction of a highway.

2. SAME—*Evidence—Testimony Concerning Amount of Excavation.* It was not error to admit the testimony of those experienced in road-grading work concerning the amount of excavation of earth and rock that had been made under their observation.

3. SAME—*Instructions.* There was no error in the instructions of which complaint is made.

4. SAME—*Demurrer.* It was not error to overrule the demurrer of the defendant to the evidence of the plaintiff.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed July 10, 1926. Affirmed.

*Leonard S. Ferry,* of Topeka, for the appellants.

*James E. Larimer* and *Eugene S. Quinton,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: John R. Reynolds sued to recover the balance of a contract price for grading a highway. The defendant Stimson counterclaimed on the ground that Reynolds had abandoned the contract and thereby damaged Stimson. Reynolds died, and the action was revived in the name of the administratrix of his estate. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

A. R. Stimson contracted with the board of county commissioners of Brown county and the state highway commission for the con-

Highways, 29 C. J. p. 613 n. 83.

struction of a road in that county. Stimson contracted with John R. Reynolds for grading the roadbed for the highway. The contract between Reynolds and Stimson provided that Reynolds would comply with all the requirements "of specifications and contracts of the Kansas state highway commission and county commissioners of Brown county, Kansas, with party of the second part with reference to said work." The contract also provided for payment "upon estimates furnished by the resident federal engineer on said work, less fifteen (15) per cent, which is to be retained until said grading is completed and accepted by the said highway commission." The contract also contained the following provision:

"It is expressly agreed that this contract shall conform in every particular to, and be a part of the contract and specifications of the state highway commission and the county commissioners of Brown county, Kansas, under which said party of the second part is doing said work, and said party of the first part shall be subject to all conditions of the same, and shall at all times work under the direction of the chief engineer, or his assistant, of the state highway commission and be governed by his decisions in all matters of dispute, and he shall be. the final arbiter in all matters pertaining to this work."

Reynolds commenced work under the contract on April 10, 1922, and continued to work until May 21, 1922. He was paid $1,500 for the work he did. There was evidence which tended to show that Reynolds ceased work with the consent of Stimson; that Reynolds under his contract excavated about 13,000 cubic yards of earth and from 300 to 350 cubic yards of rock. The contract provided that the excavation of earth should be paid for at the rate of twenty cents a cubic yard and the excavation of rock at the rate of $2.25 a cubic yard. The action is to recover the balance of the agreed compensation for the work done.

1. An engineer's estimate showing the work done on the highway from April 10 to May 20, 1922, and another estimate showing the work done from April 10 to July 20, 1922, and still another estimate showing the work done from April 10 to August 26, 1922, were introduced in evidence. The defendants complain of the introduction of these estimates because they showed that part of the work disclosed by them was performed after Reynolds had ceased to work under the contract. That may be true, and may affect their value as evidence, but it does not affect their competency. It was not error to admit the estimates in evidence; the weight of them was for the jury.

2. Three witnesses testified concerning the amount of the work

that had been done by Reynolds. Their testimony was based on their observations of that work, and not on measurements or calculations. The defendants objected to the introduction of that evidence because the witnesses were not engineers and were not qualified to answer. The objection was overruled, and the defendants complain of the admission of that evidence.

In *State v. Baldwin*, 36 Kan. 1, 12 Pac. 318, this court said:

"Facts which are made up of a great variety of circumstances and a combination of appearances that cannot be fully described, may be shown by the opinion of ordinary witnesses whose observation is such as to justify it. In this category may be placed matters involving magnitude or quantities, portions of time, space, motion, gravitation, value, and such as relate to the condition or appearance of persons and things." (Syl. ¶ 6. See, also, *The State v. Scott*, 117 Kan. 303, 321, 235 Pac. 380; 4 Wigmore on Evidence, 2d ed., § 1977, and notes.)

The witnesses showed that they were acquainted with excavation work on public highways; they were competent to testify concerning the amount of work done. Their judgment may not have been as accurate as if it had been based on measurements and calculations, but witnesses who are qualified may give their estimate as to quantities of wheat or corn, of acreage, or of the weight of articles, although measurements and weights might be more convincing evidence. It was not error to admit the evidence complained of.

3. The defendants urge that there was error in the instructions given by the court. The instructions complained of were as follows:

"2. The first thing for you to determine is the amount of earth and rock which was excavated by John R. Reynolds in accordance with said contract. In determining this amount you are instructed that where the parties to a contract provide the manner in which the amount of work is to be determined, that such manner or method of determination is binding upon said parties.

"In this connection you are instructed that in determining the amount of earth and rock which Reynolds excavated, and for which the plaintiff would be entitled to recover compensation as provided by the contract, that the amounts stated in the monthly estimates furnished by the resident federal engineer are to be taken by you as a statement of the amount of work performed upon the road in question. It remains for you to determine, however, as to what amount of such work reported by such engineer to have been done upon the road during the time in question, was in fact done by John R. Reynolds under his contract.

"3. If you find from the evidence that J. R. Reynolds performed work under his contract for which he has not been compensated, then the plaintiff would be entitled to recover for such amount of excavation as you find he has not been paid for, at the rates provided for the different kinds of excavating work in his contract with A. R. Stimson."

There was no error in these instructions. They as a whole responded to the issues made by the pleadings and the evidence, and correctly submitted those issues to the jury.

4. At the conclusion of the evidence for the plaintiff a demurrer thereto was interposed. That demurrer was overruled. Of that the defendants complain. There was evidence which tended to prove the contract, the price to be paid, the work that was done, the cessation of the work with the consent of the defendant Stimson, the amount that was paid, and the amount that remained unpaid under the contract. That was all that was necessary for the plaintiff to prove. The demurrer to the evidence was properly overruled.

The judgment is affirmed.